**Anthony ROMAN, Plaintiff,**

v.

**Richard KOEHLER, et al., Defendants.**

**No. 90–CIV–4011 (LJF).**

United States District Court,
S.D. New York.

Oct. 18, 1991.

Anthony Roman, pro se plaintiff.

Victor A. Kovner, Corp. Counsel by Sharon M. McGuire, Asst. Corp. Counsel, New York City, for defendants.

### OPINION AND ORDER

FREEH, District Judge.

Plaintiff Anthony Roman ("Roman") filed this action pursuant to 42 U.S.C. § 1983, claiming that Richard Koehler ("Koehler"), former Commissioner of the Department of Corrections, and defendant James Deegan ("Deegan"), former Warden

of Rikers Island, unnamed corrections officers, and the Rikers Island Health Service violated his civil rights by failing to ensure that he received adequate medical treatment for an injury to his finger. Koehler and Deegan have moved to dismiss the claims against them for failure to state a claim. Fed.R.Civ.P. 12(b)(6). In response, Roman has moved for leave to amend his complaint. For the reasons stated below, defendants' motion to dismiss is granted, but Roman is granted leave to amend his complaint within thirty (30) days from the date of this Order.

## FACTS

While he was incarcerated in Rikers Island in the fall of 1988, Roman injured a finger on his left hand during a basketball game. Roman claims that he received no medical treatment for that injury until the next day. When Roman did go to sick call, he was told by an unidentified person that he had broken his finger and would need surgery. The operation was scheduled for December 19, 1988, but never occurred. When transferred to other correctional facilities, Roman repeatedly requested medical treatment for his finger. However, the treatment received was ineffective, and Roman has been informed, again by an unidentified person, that the damage to his finger is permanent.

In his complaint, Roman names as defendants Koehler, Deegan, unidentified corrections officers, and the "Medical Health Services at Riker's Island." The proper name for the health services group at the prison is the Montefiore–Rikers Island Health Service (the "Health Service"), but that party has never been served.

Roman contends that the Health Service was negligent in failing to provide adequate medical treatment. Roman further claims that the defendant corrections officers acted improperly by transferring Roman to various facilities and by preventing him from receiving appropriate treatment for his finger. Koehler and Deegan have moved to dismiss on the grounds that they were not directly responsible for Roman's injuries and have no *respondeat superior* liability under § 1983.

## DISCUSSION

In order to state a claim of inadequate medical care against prison officials, a plaintiff must allege "that his access to physicians for necessary medical care was unreasonably delayed or denied, or the prescribed medical treatment was not administered." *Tomarkin v. Ward*, 534 F.Supp. 1224, 1230 (S.D.N.Y.1982). Koehler and Deegan correctly note, however, that under § 1983, liability can only be imposed on prison officials who were directly and personally responsible for the alleged violation of civil rights. *Duchesne v. Sugarman*, 566 F.2d 817, 830 (2d Cir.1977); *Tomarkin*, 534 F.Supp. at 1232. Absent an allegation that prison officials participated or acquiesced in, or were aware of the conduct of prison employees, those officials cannot be found personally responsible. *Tomarkin*, 534 F.Supp. at 1232. *See also McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Because Roman has made no such allegations, the complaint against Koehler and Deegan must be dismissed.

However, Roman raises serious allegations, and as a *pro se* plaintiff, he should be permitted to remedy the technical defects in his complaint. Accordingly, Roman will have thirty (30) days from the date of this Order to amend his complaint if some evidence exists that the Koehler and Deegan were responsible for the conduct of the unnamed correction officers or the Health Service. In order to continue this action against any defendant, however, Roman must effect proper service as required by the Federal Rules of Civil Procedure.

SO ORDERED.